IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCELLAS HOFFMAN,        : CIVIL ACTION
                          : NO. 07-3159
    Plaintiff,            :
                          :
    v.                    :
                          :
ROBERTO RASHID, CINGULAR  :
WIRELESS THE NEW AT&T.,   :
                          :
    Defendants.           :

FILED
DEC 28 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    DECEMBER 28, 2009

I.  BACKGROUND

Pro se Plaintiff Marcellas Hoffman ("Plaintiff") brought this diversity action against Defendants, alleging violations of the Federal Communications Act ("FCA") and seeking $750 million in compensatory and punitive damages. (See Pl.'s Compl.; see also Defs.' Renewed Mot. Dismiss.) Defendants Roberto Rashid ("Rashid") and AT&T Mobility LLC ("AT&T")[1] (collectively "Defendants") filed this motion to dismiss under Fed. R. Civ. P. 8, 9, and 12(b)(6).

Plaintiff alleges that Mr. Rashid, an employee of AT&T

---

[1] The complaint names "Cingular Wireless The New AT&T" as a defendant but defense counsel identified "AT&T Mobilities LCC" as the entity's correct name. (See Defs.' Mot. Dismiss 2 n.1.)

and a witness against Plaintiff in his criminal trial, failed to adequately explain AT&T's practice of including "routing numbers" on its customers' telephone bills. Plaintiff argues that Mr. Rashid's failure to testify "accurately" permitted the Government to mistakenly argue that the appearance of the "routing numbers" on Plaintiff's phone records evidenced his involvement in a drug conspiracy and connection to a drug organization. According to Plaintiff, Mr. Rashid's "inaccurate" testimony and the practice of publishing "routing numbers" on phone records itself constitutes a "failure to render accurate service" by AT&T and by Mr. Rashid, in violation of 47 U.S.C. §§ 201(b), 206, 207, 217, 220(e). (See Pl.'s Compl. ¶¶ 7, 13.)

On August 23, 2007, Plaintiff filed a complaint with this Court against Defendants Rashid and AT&T for false testimony rendered by Defendant Rashid at Plaintiff's criminal trial, seeking $750 million in damages. In response, pursuant to Fed. R. Civ. P. 8, 9, 12(b)(6), Defendants move to dismiss or, in the alternative, for a more definite statement on the grounds that Plaintiff failed to assert a claim upon which relief may be granted because: (1) this Court has already determined Plaintiff's conviction was not dependent on his mobile telephone records, thereby precluding re-litigation of the issue; (2) Plaintiff's claims are time-barred; and (3) Mr. Rashid's testimony at Plaintiff's criminal trial is protected by the

testimonial privilege. (See Defs.' Renewed Mot. Dismiss 2.) On May 4, 2009, Plaintiff filed a response to Defendants' motion to dismiss, and on May 14, 2009, Defendants filed a reply thereto.[2]

II. **ANALYSIS**

A. **APPLICABLE LAW**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 216 (3d Cir. 2007) (internal quotations omitted). The Court need not, however, "credit either bald assertions or legal conclusions in a complaint when deciding a motion to dismiss." Id. (quotation omitted). The "'[f]actual allegations must be enough to raise the right to relief above the speculative level.'" Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting

---

[2] Three years after his criminal trial, Plaintiff filed a motion for a new trial, which was denied in October 2006. United States v. Hoffman, 2006 WL 3043107, at *1 (E.D. Pa. Oct. 24, 2006) (Kelly, J.). The proceedings surrounding Plaintiff's motion for a new trial do not bear on the instant motion.

-3-

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007)).

When reviewing a motion to dismiss, a court may take judicial notice on matters of public record, orders, and items appearing in the record of the case. Bucks v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Public records that a court may examine in order to resolve a motion to dismiss include judicial proceedings. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d. Cir. 1999).

B. DISCUSSION

In their motion to dismiss, Defendants aver three defenses. First, under the FCA, the applicable statute of limitations is two years, rendering Plaintiff's claims time-barred. Second, Mr. Rashid's testimony at Plaintiff's criminal trial is protected by the testimonial privilege. Third, under a theory of collateral estoppel, Plaintiff cannot re-litigate the merits of his criminal conviction, as this Court has ruled that Mr. Rashid's testimony was not outcome determinative. The Court will address each defense in turn.

1. Statute of Limitations

Defendants argue that the FCA's two-year statute of limitations renders Plaintiff's claims time-barred, and that no applicable exception tolls the statute. In response, Plaintiff contends that he was unable to discover the falsity of Defendant

Rashid's testimony, which was given at Plaintiff's criminal trial on October 9, 2003, until he retrieved phone records in late 2006, and therefore the injury was not discoverable.

The FCA provides that "all complaints against carriers for the recovery of damages not based on overcharges shall be filed with the Commission within two years from the time the cause of action accrues, and not after . . . ." 47 U.S.C. § 415(b). The FCA's statute of limitations applies to actions filed both with the District Court and with the Federal Communications Commission ("FCC"). Ward v. N. Ohio Tel. Co., 251 F. Supp. 606, 611 (N.D. Ohio 1966), aff'd 381 F.2d 16 (6th Cir. 1967) (per curiam); Pavlick v. Church, 727 F.2d 1425, 1426 (9th Cir. 1984); Swarthout v. Michigan Bell Tel. Co., 504 F.2d 748, 749 (6th Cir. 1974); Hofler v. Am. Tel. & Tel. Co., 328 F. Supp. 893, 894 (E.D. Va. 1971); Nordlicht v. N.Y. Tel. Co., 617 F. Supp. 220, 228 (S.D.N.Y. 1985).

"As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." United States v. Kubrick, 444 U.S. 111, 120 (1979). Under § 415, a cause of action "accrues with 'discovery of the right or wrong or of the facts on which such knowledge is chargeable in law.'" MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1100 (3d Cir. 1995) (citing Cent. Scott Tel. Co. v. Teleconnect Long

Distance Servs. & Sys. Co., 832 F. Supp. 1317, 1320 (S.D. Iowa 1993)). In construing the point at which the claim begins to run under § 415(b) and by "citing judicial and Commission precedent, the [Federal Communications] Commission explained that a cause of action under section 415 accrues on the date of injury, or if the injury is not readily discoverable, at the time the complainant should have discovered it." Commc'n Vending Corp. of Ariz., Inc. v. FCC, 365 F.3d 1064, 1074 (D.C. Cir. 2004) (citing Order, 17 F.C.C.R. 24201, 24222, n.144).[3] Furthermore, "in most cases, when a party learns of his injury, he is on notice that there has been an invasion of his legal rights, and that he should determine whether another is legally liable to him." Zelenick v. United States, 770 F.2d 20, 22 (3d Cir. 1985).

In order to determine whether the statute of

---

[3] The question before the Commc'n Vending Corp. court was "whether the FCC's interpretation of section 415 is reasonable." There the court found that:

> Not only do we see nothing in the statute that suggests otherwise, but the FCC's view is consistent with prevailing caselaw. To determine when a cause of action accrues under section 415, this circuit, as well as every other circuit to have addressed the issue, has applied the 'discovery of injury' rule -- the general accrual rule for remedial civil actions . . . . Under that rule, a cause of action accrues either when a readily discoverable injury occurs or, if an injury is not readily discoverable, when the plaintiff should have discovered it.

365 F.3d at 1074 (citing MCI Telecomms. Corp. v. FCC, 59 F.3d 1407, 1417 (D.C. Cir. 1995)); MCI Telecomms. Corp. v. Teleconcepts, 71 F.3d at 1100; Pavlak, 727 F.2d at 1428).

limitations has expired, it is necessary to identify the exact date on which the cause of action accrued. Pursuant to § 415, a cause of action accrues on the date where the injury is "readily discoverable." Commc'n Vending Corp., 365 F.3d at 1074.[4] Here, Plaintiff contends that Defendant Rashid gave inaccurate testimony at Plaintiff's criminal trial on October 9, 2003. Therefore, October 9, 2003 was the date Plaintiff's alleged injury became "readily discoverable" and, as such, the date on which the cause of action accrued. Plaintiff filed the instant complaint on August 23, 2007, five years later. Therefore, Plaintiff's claims are time-barred.

Plaintiff argues that he did not discover the injury until he obtained certain telephone records in late 2006. This argument confuses the date of the injury, i.e., when the injury was readily discoverable, with the date when Plaintiff confirmed the harm or damage allegedly caused by the injury. See Kach v. Hose, No. 08-3921 (3d Cir. Dec. 23, 2009) ("The cause of action accrues even though the full extent of the injury is not then known or predictable . . . . otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole

---

[4] Furthermore, "the determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known. Barren v. United States, 839 F.2d 987, 990 (3d Cir. 1988).

hands of the party seeking relief.") (citing <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007) (internal citations and quotations omitted)); <u>see also</u> <u>Lujan v. Mansmann</u>, 956 F. Supp. 1218, 1224 (E.D. Pa. 1997) ("The statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake, or misunderstanding do not toll the running of the statute of limitations.") (internal citations omitted).

Here, Plaintiff acknowledges in the complaint that "it was only after Roberto Rashid's testimony [concerning routing numbers] that [he] began to investigate his telephone records and numbers." (<u>See</u> Pl.'s Compl. ¶6.) Under Plaintiff's own recitation of the facts, at least as early as October 9, 2003, Plaintiff was on notice of the alleged "injury",[5] even if the exact effects of the alleged injury were yet not discerned. That Plaintiff's injury was readily discoverable on October 9, 2003, is evidenced by Plaintiff's post-trial conduct in seeking the telephone records, which would disprove or contradict Defendant Rashid's testimony. Clearly, had Plaintiff not been on notice of the injury allegedly caused by Defendant Rashid's testimony, then he would not have made efforts to obtain the telephone records.

---

[5] Whether October 9, 2003, the day Defendant Rashid testified, or February 13, 2004, the day Plaintiff was convicted, is considered as the date of injury is of no moment in that under either scenario, the claim is time-barred.

As such, the injury claimed here was "readily discoverable" on October 9, 2003, and Plaintiff's post-trial conduct illustrates his awareness of any potential claims.

There are four possible exceptions to a rigid application of a statute of limitations that may toll the applicable time period. None of these exceptions apply here.

First, the "continuing wrong" exception will toll the statute of limitations "if there is affirmative continuing wrongful conduct." 800 Servs. v. AT&T Corp., 30 Fed. Appx. 21 (3d Cir. 2002) (non-precedential). The "continuing wrong" exception does not apply here as the conduct was finite in time. Here, the alleged injury (i.e., inaccurate testimony of Defendant Rashid at Plaintiff's criminal trial) occurred on October 9, 2003. Therefore, there was no "affirmative continuing wrongful conduct" on the part of Defendants.

Second, under the "relation back" doctrine, claims asserted in later complaints that "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading" are permitted to relate back to the date of the amended pleading. Compuwill Express, Inc. v. ATX Telcomms. Servs., 2000 U.S. Dist. LEXIS 7303, at *17 (citing Fed. R. Civ. P. 15(c)(2)). This exception does not apply here as Plaintiff's complaint was not amended to include new claims and claims asserted against Defendant Rashid are disparate from those

-9-

in the original pleading. (See Pl.'s Change Plea.)

Third, under the "discovery rule," the accrual of Plaintiff's claims may be delayed based on Defendants' fraudulent conduct that delayed Plaintiff's ability to know of his injury or, through the exercise of reasonable diligence, "discover" his injury. Compuwill Express, Inc., 2000 U.S. Dist. LEXIS 7303, at *32; see also Burtch v. Ganz, 282 B.R. 805, 820 n.13 (E.D. Pa. 2002) (Robreno, J.) ("The discovery rule is the same under both Pennsylvania and federal common law: whether a party has acted diligently for purposes of the discovery rule may be determined as a matter of law 'where the facts are so clear that reasonable minds cannot differ'.") (citing Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir. 1991)).[6]

The "discovery rule" is inapplicable to the case at bar for several reasons. First, Plaintiff did not demonstrate any "fraudulent conduct" by which Defendants caused delay in Plaintiff's recognition of his claims. Second, nothing in Plaintiff's pleading suggests that Defendants acted in a way to "relax [Plaintiff's] inquiry into the existence of these claims by fraudulent means." Compuwill, 2000 U.S. Dist. LEXIS 73

---

[6] "It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." Hayward v. Med. Ctr., 608 A.2d 1040, 1043 (Pa. 1992) (internal citations omitted).

03, at *17. Defendant Rashid testified at Plaintiff's criminal trial on October 9, 2003. Once Defendant Rashid testified, Plaintiff's injury was "reasonably discoverable through diligent investigation" and a timely filing of claims arising from any allegedly false testimony was possible. Lastly, as Defendants rightfully argue, the fact that it took over three years for Plaintiff to obtain phone records does not serve as a sufficient ground to relax the statutory time-bar.

Lastly, "equitable tolling" is not appropriate here. Equitable tolling can relax an applicable statute of limitations where "to allow a defendant to benefit from the statute of limitations defense after intentionally misleading the plaintiff with regard to the cause of action, thereby causing the plaintiff's tardiness, would be 'manifestly unjust'." Oshiver, 38 F.3d at 1387 (internal citations omitted); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 ("Federal courts have typically extended equitable [tolling] relief only sparingly." Under a theory of equity, three situations may give rise to tolling: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Id.

Here, as Plaintiff was on notice of the alleged injury caused by Defendant Rashid's testimony during the course of his criminal trial, the principles behind equitable tolling do not apply. Defendants have done nothing to mislead Plaintiff respecting his cause of action, nor does Plaintiff claim as much. Plaintiff has not "in some extraordinary way" been prevented from pursuing his legal rights, and Plaintiff's claim was properly asserted in Pennsylvania from the outset. As such, Defendants have not played a role in causing or contributing to Plaintiff's untimely assertion of his complaint and no "manifest injustice" results from proper application of the two-year statute of limitations here. Therefore, "equitable tolling" does not apply.

For the stated reasons, the statute of limitations on Plaintiff's claims ran from the time Defendant Rashid testified at trial on October 9, 2003 and expired on October 9, 2005. Plaintiff did not file the instant complaint until August 23, 2007, therefore Plaintiff's claims against Defendants are time-barred.

2. <u>Absolute Testimonial Privilege</u>

Defendants also argue that Defendant Rashid's testimony at Plaintiff's criminal trial is protected by the testimonial privilege. Under Federal Rule of Evidence 501 and Pennsylvania law, "as a general rule, there is no civil liability for statements made in the pleadings or during trial or argument of a

case so long as the statements are pertinent." Gatter v. Zappile, 54 F. Supp. 2d 454, 457 (E.D. Pa. 1999) (citing Panitz v. Behrend, 632 A.2d 562, 564 (Pa. Super. Ct. 1993)). In Panitz, the Pennsylvania Supreme Court held that the absolute testimonial immunity applies to judges, lawyers, litigants, and witnesses with the privilege applicable to "all tort actions based on statements made during judicial proceedings."[7]

Here, on October 9, 2003, Defendant Rashid testified during Plaintiff's criminal trial on behalf of AT&T in order to present phone records that were subpoenaed by the prosecution. As a witness, Defendant Rashid is protected by absolute immunity for any testimony rendered during the judicial proceeding. See Briscoe v. LaHue, 460 U.S. 325, 335 (1983) ("[T]he purpose for the absolute testimonial privilege is "to preserve the integrity of the judicial process by encouraging full and frank testimony.").[8]

---

[7] Id., at *3-5 ("Regardless of the tort contained in the complaint, if the communication was made in connection with a judicial proceeding and was material and relevant to it, the privilege applies."); see Preiser v. Rosenzweig, 646 A.2d 1166, 1167 (Pa. 1994) ("[Pennsylvania common law] accords an absolute privilege of immunity to statements, whether defamatory or not, to pleadings and other papers filed in regular judicial proceedings."); see also Post v. Mendel, 507 A.2d 351, 355 (Pa. 1986) (quoting Binder v. Triangle Pubs., Inc., 275 A.2d 351, 355 (Pa. 1986) ("Witnesses are protected by this privilege 'to encourage their complete and unintimidated testimony in court'.")).

[8] "[T]he claims of the individual must yield to the dictates of public policy, which requires that the paths

-13-

Defendants properly argue that, even if Defendant Rashid perjured himself, he would not be liable because he is protected by absolute testimonial privilege. (See Defs.' Renewed Mot. Dismiss 12.) Defendant Rashid, as an employee of AT&T and authenticator of the phone records,[9] was deemed an appropriate party witness. Further, Defendant Rashid answered all questions posed to him by both the prosecution and defense counsel. Under these circumstances, the alleged falsity of the testimony could not divest Defendant Rashid of the protection of the absolute testimonial privilege. See id.[10]

---

> which lead to the ascertainment of truth should be left as free and unobstructed as possible . . . A witness' apprehension of subsequent damages liability might induce two forms of self-censorship," (1) reluctance to come forward to testify and (2) manipulating testimony to "magnify uncertainties and thus deprive the finder of fact of candid, objective, and undistorted evidence' to avoid personal liability."

Id. (internal citations omitted).

[9] During Plaintiff's criminal trial, "Defendant Rashid's testimony on direct examination was largely devoted to authenticating that the mobile telephone records produced by AT&T pursuant to the government's subpoena were (1) kept in the normal course of AT&T's business and (2) related to Mr. Hoffman's mobile telephone account." United States v. Hoffman, No. 01-CR-169-2, Trial Tr. at 44:6-45:23. Further, on cross-examination, Defendant Rashid testified as to "whether the bills showed the numbers placed to and from Mr. Hoffman's mobile telephone and not to whom those numbers belonged, to which [he] replied in the affirmative." Id. at 46:14-47:3.

[10] "An expert witness will not be subjected to civil liability because he or she, in the face of conflicting evidence or during rigorous cross-examination, is persuaded that some or all of his or her opinion testimony has been inaccurate." Id.

Importantly, because Defendant Rashid is protected from any subsequent civil action stemming from his subpoenaed testimony in Plaintiff's criminal trial, so is AT&T as Defendant Rashid's employer. See Matkevich v. Robertson, 169 A.2d 91, 93 (Pa. 1961) (noting that, under the respondeat superior doctrine, "unless a cause of action existed against the servant, the master . . . cannot be held [liable]").

Accordingly, both Defendant Rashid and AT&T are entitled to the protection of absolute testimonial privilege.

3.  <u>Collateral Estoppel</u>

Given that Plaintiff's claims are precluded under the applicable statute of limitations and testimonial privilege, the Court need not address whether the claims are also precluded under the doctrine of collateral estoppel or issue preclusion.

4.  <u>Plaintiff Fails to State a Claim Upon Which Relief May Be Granted Under FCA</u>

Plaintiff asserts five counts under which Defendants violated his rights under the FCA: §§ 201(b), 206, 207, 217, and 220(e). None has merit.

Section 201(b), entitled "Service and Charges," states: "all charges, practices, classifications and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or

---

(internal citations omitted).

regulation that is unjust or unreasonable is hereby declared to be unlawful."

This statute is inapplicable here. No civil liability is imposed on a common carrier or its agent for inaccurate trial testimony regarding a criminal defendant's phone records. (See Defs.' Renewed Mot. Dismiss 16) ("Mr. Hoffman has not alleged a violation of section 201(b) . . . as he does not allege that AT&T's alleged practice of including routing numbers on its customers' wireless telephone bills is 'inherently unjust, unreasonable, or unfair.'"). Plaintiff does not allege violations under the asserted statute. The same bears true for the following FCA sections.

Under §§ 206,[11] 207,[12] and 217,[13] Plaintiff also fails to state a claim that AT&T is vicariously liable under the doctrine of respondeat superior, based on Defendant Rashid's testimony. As discussed above in detail, AT&T is absolutely protected under the testimonial privilege. See infra, at 12-15.

Lastly, § 220(e), entitled "Account, records and

---

[11] Section 206, entitled "Carriers' liability for damages," states that carriers are fully liable for anything done or a necessary omission in violation of the FCA.

[12] Section 207 applies to the ability of an injured person, under the FCA, to recover of damages, either through the FCC or a U.S. District Court, but not both.

[13] Section 217, entitled "Agents' acts and omissions; liability of carrier," imputes vicarious liability to the carriers for agents' acts in violation of the FCA.

memoranda - false entry, destruction; penalty," provides criminal penalties for any person who falsifies or manipulates "any book of accounts or in any record or memoranda kept by any such carrier." Section 220(e) is "designed to empower the FCC to prescribe a uniform system of accounts for use by telephone companies" and Plaintiff's complaint fails to establish a claim here. 47 U.S.C. 220(e).

Plaintiff does not claim that AT&T had institutional irregularities in the manner that a telephone bill or routing number is processed, nor problems with any facet of the company's business procedures. Plaintiff instead pursues all of the instant claims under the theory that Defendant Rashid's testimony mischaracterized the purpose of "routing numbers" associated with Plaintiff's telephone account, which is not a right protected by any of the allegedly violated FCA sections.

Finally, Plaintiff has not submitted any evidence to suggest that Defendant Rashid falsified any of the phone records, and even if he had, no testimony was presented during Plaintiff's criminal trial lending weight to Plaintiff's claim that Defendant Rashid "destroy[ed], mutilat[ed], alter[ed] or falsif[ied]" Plaintiff's phone records. See 47 U.S.C. § 220(e). Therefore, Plaintiff does not allege a violation of the FCA upon which this Court may grant relief.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.

An appropriate order follows.